# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | |
|---|---|
| CINDY M. WOODS | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| NANCY A. BERRYHILL, | *    No. 4:18cv00817-SWW-JJV |
| Acting Commissioner of Social Security, | * |
| | * |
| Defendant. | * |

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

The Commissioner seeks dismissal of this case claiming Plaintiff's Complaint is untimely. (Doc. No. 10.) Plaintiff has not responded.

Title 42 U.S.C. § 405(g) requires the commencement of a civil action to be within sixty (60) days after the date the Notice of Final Decision is mailed to the Plaintiff, or within any time as extended by the Appeals Council of the Social Security Administration. Section 405(g) says:

> Any individual, after a final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g). Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). The Supreme Court has specifically held that § 405(h) prevents review of the Commissioner's decisions except as provided in § 405(g) of the Act. *Sheehan v. Secretary of Health, Ed. & Welfare*, 593 F.2d 323, 325 (8th Cir.1979) (citing *Weinberger v. Salfi*, 422 U.S.

749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)). So the final decision of the Commissioner is binding unless the claimant files her federal civil action within sixty (60) days after receipt of the notice of the Appeals Council's decision. *See also* 20 C.F.R. §§ 404.981, 422.210. The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. 20 C.F.R. §§ 404.901, 422.210(c). Although the Supreme Court has held that the sixty (60) days is a period of limitation and in a rare case may be tolled, *Bowen v. City of New York*, 476 U.S. 467, 481 (1986), the Eighth Circuit has upheld the 60-day time limitation. *Hammonds v. Bowen*, 870 F.2d 446, 448 (8th Cir.1989) and *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir.1988) (per curiam).

Here, the Appeals Council's final decision is dated August 20, 2018. (Doc. No. 11-1 at 30.) The document was mailed to the same address Plaintiff has utilized as her mailing address for this lawsuit. The order specifically states, "If you disagree with our action, you may ask for court review of the Administrative Law Judge's decision by filing a civil action. . . You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live." (*Id.* at 31.) Import to this decision, the order also states, "You have 60 days to file a civil action (ask for court review). The 60 days start the day after you receive this letter." (*Id.* at 32.) The order also stated, and the regulations provide, that receipt of the notice would be presumed five days thereafter, on August 25, 2018. (*Id.*) Friday, October 19, 2018, was sixty days after the date of the order. So, Plaintiff had until October 24, 2018 to file her lawsuit. But Plaintiff failed to meet this deadline and filed this civil action on November 1, 2018.

Plaintiff filed her Complaint eight days late. She has provided no reasonable justification for this delay. There are no extraordinary circumstances present in this case to justify extending

the sixty-day period. Therefore, I find Plaintiff's Complaint fails to state a claim upon which relief can be granted and this action should be dismissed.

IT IS SO RECOMMENDED this 26th day of February 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE